**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN ADAMS,

     Petitioner - Appellant,

v.

JAMES L. SAFFLE, Warden,

     Respondent - Appellee.

No. 00-6195
(D.C. No. 00-CV-193-T)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

     Steven Adams, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") pursuant to 28 U.S.C. § 2253(c)[1] to challenge the district

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), a state prisoner must be granted COA to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," 28 U.S.C. § 2253(c)(1)(A), whether the petition was filed pursuant to § 2254 or § 2241, see Slack v. McDaniel, 120 S. Ct. 1595, 1600 (2000); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000).

court's denial of his petition for a writ of habeas corpus.[2] After properly rejecting respondent's argument that the petition was untimely,[3] a magistrate judge recommended denying Adams's petition. The district court adopted the magistrate judge's report and recommendation, denying the petition and denying COA. Because we agree that Adams has not "made a substantial showing of the denial of a constitutional right," we too decline to grant COA. 28 U.S.C. § 2253(c)(2).

In Oklahoma, from the time of Adams's conviction until the present, inmates have had the opportunity to accumulate "earned credits" that reduce the length of their imprisonment. See, e.g., 57 Okla. Stat. Ann. § 138 (1983); id. § 138 (2000). However, the statute under which Adams was convicted, 21 Okla. Stat. Ann. § 801 (1983), at the time of his sentencing provided that an individual convicted of three separate offenses of robbery with a dangerous

---

[2] This case was docketed in the district court as a § 2254 petition. However, Adams does not challenge the validity of his conviction or sentence, but rather claims that his due process and equal protection rights were violated in the miscalculation of his earned credits for early release. Because Adams challenges the execution of his sentence, the petition is properly considered under § 2241. See Montez, 208 F.3d at 865 (holding that a habeas petition challenging the execution of a sentence is properly brought under § 2241, not § 2254).

[3] The magistrate determined that the petition was timely filed under § 2244(d)(1) because respondent did not show that Adams became aware of or could have discovered the sentence computation error prior to April 1999, and his petition was filed within one year of that date.

weapon or imitation firearm "shall not . . . be eligible for probation or parole or receive any deduction from his sentence for good conduct until he shall have served ten (10) calendar years of such sentence."[4]

Adams contends that his convictions and concurrent twenty-five year sentences on five counts of robbery with a firearm did not subject him to the portion of § 801 restricting sentence deductions. From 1983 to 1989, Adams accumulated earned credits under 57 Okla. Stat. Ann. § 138. In 1989, the Oklahoma Department of Corrections rescinded his credits because they had been awarded in contravention of § 801. Adams did not discover the rescission of the credits until April 1999 and now argues that rescission was improper.

First, he cites language in a 1998 Pardon and Parole Board Policy and Procedures Manual suggesting that if a prisoner is to be classified as ineligible for good time credits because of his three separate and distinct robbery convictions, "the first two convictions must be prior convictions." Because none of his five robbery offenses was a "prior conviction," Adams argues he should have had the opportunity to earn good conduct credits from the beginning of his incarceration. Second, he contends that this Circuit's recent decision in Smith v.

---

[4] In May 1986, the Oklahoma Attorney General issued an opinion construing the above-quoted language to bar earned credits under 57 Okla. Stat. Ann. § 138 during the first ten calendar years of the sentence served by an inmate with three robbery convictions. See 18 Okla. Op. Att. Gen. 62, 1986 WL 235093, at *3 (May 14, 1986) (Op. No. 86-36).

Scott, 223 F.3d 1191, 1196 (10th Cir. 2000), holding that a retroactive Department of Corrections regulation violated the Ex Post Facto Clause, requires that we grant COA.

Under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we construe Adams's pro-se petition liberally. We may grant COA "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that reasonable jurists could debate whether the petition should have been resolved in a different manner, see Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). We conclude that Adams's arguments based on the 1998 Pardon and Parole Board Manual have been waived due to his failure to make them before the district court. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Even if these arguments were not waived, however, the 1998 Parole Board rule on prior offenses was promulgated after the decision to strip Adams of his earned credits. The "prior convictions" language was absent in the Parole Board Manuals in place at the time of his sentence and at the time of the June 1989 action, and Adams presents no arguments, and we discern none, as to why we must apply the 1998 Parole Board rule retroactively. The plain language of 21 Okla. Stat. Ann. § 801 requires the state to withhold earned credits from inmates such as Adams who have been at least thrice convicted under that statute, and Adams possesses no liberty interest nor any

- 4 -

equal protection right in earned credits to which he was never entitled.  See

Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S.

1, 7 (1979).

Contrary to Adams's suggestion, Smith, 223 F.3d at 1191, does not require

us to grant COA in the instant case.  At issue in Smith was the retroactive

application of a Department of Corrections regulation in violation of the Ex Post

Facto Clause because the regulation constituted a "substantive change" in the law

"not foreseeable" at the time the petitioner was charged with attempted escape

from prison.  Id. at 1196.  No such violation occurred in Adams's case because

the 1986 Attorney General's Opinion was no more than a "clarification" of

existing law or "the correction of a misapplied existing law" and was a

"foreseeable" interpretation.  Id. at 1194-95 (internal quotations omitted).  The

Attorney General's Opinion merely emphasized that under Oklahoma's statutory

scheme "deduction from [a] sentence for good conduct" includes earned credits

pursuant to 57 Okla. Stat. Ann. § 138, which are barred during the first ten years

of a thrice-convicted robber's incarceration.  <u>See</u> 18 Okla. Op. Att. Gen. 62, 1986 WL 235093, at *2-*3.

The application for a COA is **DENIED**.  Adams's motion to proceed in forma pauperis is **GRANTED**.[5]  This matter is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[5]  Construing petitioner's "Request to Supplement the Record on Appeal" liberally, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. at 520-21, we note that it is merely a submission of supplemental authority and have considered it.